UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>TRANS HAWAIIAN SERVICES, INC.,<br><br>                    Debtor. | Case No. 01-02712<br>Chapter 7 |
| WM. KAMAUOHA SONNY WAIALEALE,<br><br>                    Plaintiff,<br><br>vs.<br><br>THE OFFICE OF THE COMMANDER IN CHIEF FOR THE UNITED STATES OF AMERICA (USA), GEORGE W. BUSH, THE OFFICE OF THE SOLICITOR GENERAL, PAUL D. CLEMENT, THE OFFICE OF THE SECRETARY OF STATE, CONDOLEEZZA RICE, THE OFFICE FOR THE DEPARTMENT OF INTERIOR, DIRK KEMPTHORNE,<br><br>                    Defendant(s). | Adversary Proceeding No. 07-90007 |

## MEMORANDUM OPINION

This is an adversary proceeding in bankruptcy, which was commenced on February 20, 2007. Fed. R. Bankr. P. 7001. Plaintiff is appearing *pro se,* and the document which the court has accepted as a complaint contains

many irregularities. That document is entitled, "Motion for Injunctive Relief and an Order Granting Claims for Relief, for Frand by the Court, of the <u>decision made</u> on <u>this</u> CASE NO. 01-02712 (Chapter 7)." The decision claimed to be fraudulent is not identified in the complaint.

The debtor in the underlying bankruptcy case is Trans Hawaiian Services, Inc. ("Trans Hawaiian"). Trans Hawaiian was in the business of arranging Hawaiian Island tours and inter-island transportation. Its largest unsecured creditor is Aloha Airlines, listed by Trans Hawaiian as being owed over $2 million. Trans Hawaiian filed a voluntary petition for reorganization under chapter 11 on July 6, 2001. That case was converted to a chapter 7 liquidating bankruptcy on September 24, 2001. The bankruptcy case is still open. The trustee in bankruptcy, John R. Candon, is not a party to this adversary proceeding.

A copy of the adversary proceeding cover sheet (Form 104) is attached as exhibit 11 to the complaint. That form indicates that the "NATURE OF SUIT" involves dischargeability under 11 U.S.C. § 523(a)(2), (4), and (6); injunctive relief - reinstatement of stay; and injunctive relief - other. However, the text of the 'complaint' seeks no such relief. Trans Hawaiian, a corporation, is not entitled to a discharge in bankruptcy. Only individual debtors are entitled to a chapter 7 discharge. 11 U.S.C. § 707(a)(1).

2

The thrust of the 'complaint' appears to rest upon sovereignty allegations concerning the island of Kauai, identified as Atooi.

The 'complaint' identifies the plaintiff as "Wm. Kamauoha Sonny Waialeale, et al", but does not designate other parties as plaintiff. Billions of dollars in unspecified damages are sought for other parties, but Wm. Kamauoha Sonny Waialeale (Waialeale) is the only named plaintiff.

The defendants appear to be the President of the United States, the Solicitor General, the Secretary of State, and the Secretary of the Interior. Otherwise, the defendants are merely the "Offices" of those persons. In any event, the named defendants are high ranking officers of the executive branch of the United States government.

None of the named defendants has any alleged connection to the underlying chapter 7 bankruptcy case, in which the debtor is Trans Hawaiian.

A connection between this adversary proceeding and the underlying bankruptcy case of Trans Hawaiian appears to be an entity known as Waialeale Boat Tours, Inc. This debtor-creditor relationship is not disclosed in the 'complaint' in this adversary proceeding. However, inspection of the list of claims in the Trans Hawaiian case reveals that Waialeale Boat Tours, Inc., has filed a proof of claim in the chapter 7 case in the amount of $18,166.09. The claim is

3

U.S. Bankruptcy Court - Hawaii   #07-90007   Dkt # 8   Filed 03/01/07   Page 3 of 6

signed by Waialeale, as president. It was filed with the bankruptcy court on July 30, 2001. Waialeale Boat Tours, Inc., is not a party to this adversary proceeding.

The jurisdictional basis for an adversary proceeding in bankruptcy is set forth at 28 U.S.C. § 1334(b), "[D]istrict courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." The bankruptcy judges are a unit of the district court. 28 U.S.C. §151.

The Kauai sovereignty issues alleged in the 'complaint', the plaintiff, and the defendants are all unrelated to the Bankruptcy Code or to the Trans Hawaiian chapter 7 case. Those matters do not arise under the Bankruptcy Code, Title 11, and they do not arise in or have some relation to the Trans Hawaiian case, as required by statute. 28 U.S.C. § 1334(b).

A request for dismissal of the Trans Hawaiian bankruptcy case is the only thing in the 'complaint' that suggests possible bankruptcy court jurisdiction. Dismissal of chapter 7 bankruptcy cases is governed by the bankruptcy code. 11 U.S.C. § 727. However, no person or entity with any relation to the Trans Hawaiian case is a party to this adversary proceeding. Plaintiff Waialeale is president of Waialeale Boat Tours, Inc., a creditor in the chapter 7 case, but he is not personally a creditor. Furthermore, the request for dismissal in the 'complaint'

U.S. Bankruptcy Court - Hawaii  #07-90007  Dkt # 8  Filed 03/01/07  Page 4 of 6

does not allege any reason for dismissal that is stated in 11 U.S.C. § 727.

The proper way to request dismissal of a bankruptcy case is by means of a motion, not an adversary proceeding. Matters which are the proper subject for adversary proceedings are listed in Fed. R. Bankr. P. 7001(1) - (10). Proceedings for dismissal of a bankruptcy case are not listed. Therefore, a request for dismissal of a bankruptcy case is a 'contested matter,' governed by Rule 9014, Fed. R. Bankr. P. In a contested matter, relief is requested by means of a motion. Fed. R. Bankr. P. 9014(a). Waialeale Boat Tours, Inc., as a creditor of Trans Hawaiian, would have standing file a motion in that bankruptcy case. Waialeale, the plaintiff in this adversary proceeding, is not an interested party in the Trans Hawaiian chapter 7 case.

When an adversary proceeding offers no basis for subject matter jurisdiction, the court can dismiss on its own motion. Fed. R. Civ. P. 12(h)(3), incorporated into bankruptcy adversary proceedings by Fed. R. Bankr. P. 12(b).

This adversary proceeding in bankruptcy will be dismissed, on the court's own motion. The allegations of the complaint do not establish bankruptcy court subject matter jurisdiction under 11 U.S.C. § 1334(b). If plaintiff wishes to pursue dismissal of the Trans Hawaiian bankruptcy case, he can cause Waialeale Boat Tours, Inc., to file an appropriate motion in the bankruptcy case.

U.S. Bankruptcy Court - Hawaii  #07-90007  Dkt # 8  Filed  03/01/07  Page 5 of 6

This dismissal is without prejudice. Plaintiff will be given an opportunity to file an amended complaint. The amended complaint must be filed by April 4, 2007. If an amended complaint is not filed by that date, this adversary proceeding will be dismissed, with prejudice.

Dated: Honolulu, Hawaii, _____ MAR - 1 2007 _____.

/s/ Lloyd King
Lloyd King
U.S. Bankruptcy Judge

6